United States District Court
Middle District of Florida
Jacksonville Division

**EMILY G. SOWULEWSKI,**

***Plaintiff,***

**v.** **NO. 3:22-cv-1003-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

***Defendant.***

---

## Order

Proceeding under 42 U.S.C. § 406(b), the plaintiff's lawyer, Sarah Bohr, requests authorization to charge the plaintiff **$11,685.15** from the plaintiff's past-due benefits as an attorney's fee. Doc. 29; *see* Doc. 33.

## Background

The plaintiff applied for disability-insurance benefits and supplemental security income. Tr. 360–68. An Administrative Law Judge found her not disabled, Tr. 10–22, and the Appeals Council denied her request for review, Tr. 1–6. She and Bohr entered into a contingent-fee agreement under which Bohr agreed to represent her, and the plaintiff agreed to pay Bohr 25 percent of any past-due benefits. Doc. 29-1.

Bohr filed a complaint, Doc. 1, and the Commissioner filed a 1,666-page administrative record, Doc. 11. The plaintiff's brief was due on February 13, 2023. Doc. 13 at 2. The court granted two extensions that she requested. Docs. 16, 18. Her first request was due to Bohr's "existing briefing deadlines in other

cases" and inability to work for several days after a car accident. Doc. 15 at 1. Her second request was for the parties to explore a settlement. Doc. 17. The parties settled, Doc. 19, and the Commissioner moved to reverse the agency decision and remand the case, Doc. 20. The court granted the motion, reversed the agency decision, and remanded the case for further agency proceedings. Docs. 21, 22. The court later granted the plaintiff's request for $4,149.60 as an attorney's fee under the Equal Access to Justice Act (EAJA) based on 17.25 hours of work. Docs. 26, 27.

After remand, Bohr requested $5,485.15 as an attorney's fee from the plaintiff's past-due benefits based on a December 18, 2025, notice stating that the agency withheld $9,634.75, representing the balance of 25 percent of the plaintiff's past-due benefits. Doc. 28; *see* Doc. 28-2. She has amended the request to ask for $11,685.15 from the plaintiff's past-due benefits based on a December 22, 2025, notice (replacing and correcting the first notice) stating that the agency withheld $15,834.75, representing the balance of 25 percent of the plaintiff's past-due benefits. Doc. 29 (amended motion); Doc. 33 (clarification of requested amount); Doc. 29-3 (December 22, 2025, notice).

The court directed the Commissioner to file the Social Security Administration's Notice of Award for the plaintiff, or a similar paper describing the total amount of past-due benefits awarded to the plaintiff after remand. Doc. 32. The Commissioner's response indicates that on remand, the agency awarded the plaintiff $67,339.00 in past-due benefits, withheld $16,834.75 (25 percent of the total), and paid a $1,000.00 fee for representation before the agency. Docs. 35, 35-1. The Commissioner takes no position on the request. Doc. 35 at 2.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee

determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fee would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

To arrive at the requested fee of $11,685.15, Bohr deducts the EAJA fee ($4,149.60) from the amount stated as withheld in the agency's December 22 notice ($15,834.75, which is 25 percent of past-due benefits ($16,834.75) minus a fee paid for representation before the agency ($1,000.00), *see* Doc. 35 at 2). Doc. 29 at 2–3. To establish that the requested fee is reasonable for the services rendered, Bohr provides the following information. She obtained an excellent

result for the plaintiff, whose case the agency had denied multiple times. Doc. 29 at 4. Had she not agreed to represent the plaintiff and file this case, the plaintiff might never have received benefits under the application. Doc. 29 at 3. Her diligent and speedy work resulted in the plaintiff receiving not only past-due benefits but also continued ongoing benefits and medical coverage. Doc. 29 at 3. She took "a substantial risk of loss" in agreeing to the representation. Doc. 29 at 4. The parties entered into the contingent-fee agreement with the understanding that the agreement would be enforced. Doc. 29 at 3. The fee is reasonable for the 17.25 hours of work she performed before the court. Doc. 29 at 3.

The court directed Bohr to supplement the fee motion to "explain whether the period of past due benefits included … the time that counsel needed based on counsel's circumstances and, if so, what type of reduction in the requested amount is warranted." Doc. 30; *see* Doc. 15 (request for an extension of time). In the supplement, Bohr states that the requested extension was in keeping with the understanding that the court "'will liberally grant a motion for an extension of time considering the newness of the Supplemental Rules and that, when [she] filed the complaint, the Court ordinarily established a longer briefing period.'" Doc. 31 at 3 (quoting Doc. 13). She maintains that requesting "one 30-day extension of time does not result in additional fees constituting a windfall." Doc. 31 at 3.

A reduction in the requested fee award is warranted to account for the four-week delay. That delay was caused by the time Bohr needed based on her circumstances. *See* Doc. 15. An understanding that the court would liberally grant an extension does not negate that the delay, however slight, is attributable to Bohr. Whether a reduction is warranted because the benefits

are large compared to the time the lawyer spent on the case, such that the award results in a windfall, is a separate consideration from whether a reduction is warranted because the lawyer is responsible for a delay. The court will reduce the requested fee award by $271.53 (25 percent of the plaintiff's monthly benefit during the four-week delay, *see* Doc. 35-1 at 1).

For the reasons provided and the court's own knowledge of Bohr's expertise in social-security law, the reduced amount ($11,413.62) is reasonable. Because Bohr asks to deduct the amount of the EAJA award from her § 406(b) request, no amount must be refunded to the plaintiff.

## Conclusion

The court:

1. **grants in part** the amended request, Doc. 29;
2. **authorizes** Bohr to charge the plaintiff **$11,413.62** from past-due benefits for the successful representation of the plaintiff; and
3. **denies** the original request, Doc. 28, as moot.

**Ordered** in Jacksonville, Florida, on August 17, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*